Daniel Flaherty
Paul Gallardo
FLAHERTY GALLARDO LAWYERS
1026 1ST Ave. S.,
P.O. Box 1968
Great Falls, Montana 59403
Telephone: (406) 727-8494
Facsimile:  (406) 727-8537
paul@greatfallsfirm.com
daniel@greatfallsfirm.com
        Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## GREAT FALLS DIVISION

| AARON DALE, Plaintiff, vs. CITY OF GREAT FALLS, SCOTT FISHER, DOES 1-10. Defendants. | Case No. CV-20- _____ COMPLAINT |
|---|---|

COMES NOW, Plaintiff, Aaron Dale, and for his claims for relief against the Defendants, says that:

## JURISDICTION AND VENUE

1.      This action arises under Title 42 of the United States Code, Section

1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. This court has supplemental jurisdiction over any appropriate state law claims under 28 U.S.C. Section 1367.

2.      Venue is proper under 28 U.S.C. Section 1391 as the unlawful acts and practices alleged occurred in the State of Montana and City of Great Falls, which is within the boundaries of the United States District Court, District of Montana, Great Falls Division.

## PARTIES

3.      Aaron Dale ("Plaintiff") at the time of the commencement of this action and at all times pertinent, was a citizen of the State of Montana and resident of the State of Montana.

4.      Defendant City of Great Falls Montana ("City") is a municipal corporation, duly organized and existing under the laws of the State of Montana.

5.      At all times mentioned herein, Defendant Scott Fisher was employed as a police officer for Defendant City of Great Falls. He is sued individually and in his capacity as a police officer for the City of Great Falls. By engaging in the conduct described here, Officer Fisher acted under the color of law and in the course and scope of his employment for Defendant City of Great

Falls. By engaging in the conduct described here, Police Officers exceeded the authority vested in them as officers under the United States Constitution and as employees of the City of Great Falls.

6.      Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and/or capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.

## FACTUAL ALLEGATIONS

7.      On or around September 21, 2019, Dale Aaron ("Plaintiff") was walking along a sidewalk on 409 12th Street South with a female at around 1:51 a.m.

8.      At around that same time Great Falls Police Department received a call that three to four people fighting, though the argument or altercation calmed during the 911 call. There were no reports of injuries or weapons. The 911 caller reported that some of the men walked off, were still yelling at each other, and she could not see them. The 911 dispatcher relayed this information to police officers who then responded to the area.

9.      Great Falls Police Department Officers Scott Fisher and Clay Bott

responded to the scene in a patrol vehicle.

10.     Officer Fisher approached Plaintiff while he was walking on the sidewalk. Plaintiff stopped to speak with the officer. Plaintiff appeared exhausted, and knelt on his knees while talking with Officer Fisher.

11.     Officer Fisher inquired about a possible fight in the area. Plaintiff tried answering his questions, but Officer Fisher was not listening to Plaintiff.  After Officer Fisher erroneously narrated part of Plaintiff's account, Plaintiff accused Officer Fisher of not listening to him. Officer Fisher then yelled at Plaintiff and asked if he wanted to be handcuffed, and accused Plaintiff of interfering with his investigation. At the time Officer Fisher made this threat, Plaintiff was still on the ground on his knees answering Officer Fishers questions.

12.     Officer Fisher then asked Plaintiff what his name was. Plaintiff responded that it was none of Officer Fisher's business. Plaintiff was still on his knees. At that time, Officer Fisher jumped on Plaintiff, forced Plaintiff on his stomach, and employed a reverse choke hold on Plaintiff.

13.     While he had a reverse choke hold on Plaintiff, Officer Fisher yelled to Plaintiff, "When I ask you to do something – you do it."

14.     Officer Fisher had not told the Plaintiff he was under arrest or otherwise verbalized to him that he was being detained.

15.     The Reverse Choke Hold lasted for approximately 37 seconds.

16.     Officer Fisher and Bott then roughly handled Plaintiff using more force than was necessary to handcuff Plaintiff while they pinned him down and attempted to get Plaintiff's hands behind his back.

17.     After the sidewalk incident Officer Fisher, Officer Bott, and other assisting officers detained Plaintiff and placed him in a patrol vehicle.

18.     After the encounter, Plaintiff was charged with Assault on a Peace Officer or Judicial Officer, Resisting Arrest, and Obstructing a Peace Officer or Other Public Servant.

19.     During Plaintiff's criminal case proceedings, prosecutors discovered a "Use of Force Report" or other internal report which was not disclosed to Plaintiff's criminal defense lawyers. Upon discovery of this report, the County Attorney's Office opted to dismiss all charges against Plaintiff. Plaintiff was not provided with the report.

20.     The officers involved in the incident specifically documented in their police narrative of the sidewalk incident that Plaintiff was intoxicated, slurring his words, becoming belligerent, and was getting increasing agitated.

21.     In actuality, Plaintiff did not display belligerent behavior. Video of the encounter reflects that Plaintiff was on the ground on his knees

answering Officer Fisher's questions and displayed no indication of threatening behavior. That part did not make it in Officer Fisher's report when he described Plaintiff's aggressive behavior as reason for using force and employing a choke hold on Plaintiff.

22.    The Officers did not, to Plaintiff's knowledge, assess him for a concussion (recent fight), blood alcohol content, or closed head injury (37 second choke hold). They did note his behavior, was to their perception, belligerent and intoxicated.

23.    Shortly after Officer Fisher's assault on Plaintiff, Officer Fisher was promoted to detective.

24.    Plaintiff is informed and believes and thereon alleges that the Defendants breached their duty of care to the public.  Defendants' actions as alleged herein demonstrates the existence of an entrenched culture, policy practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive force, and creating false or misleading report narratives.

25.    As a result of the pre-existing customs, policies, patterns and/or practices of such abuses by members of Defendants respective agencies, Plaintiff was subjected to the violation of his constitutional rights as alleged herein.

## CAUSES OF ACTION

### COUNT I - (42 U.S.C § 1983)
### (Against Officer Fisher and DOES 1-10)

26.   Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

27.   In doing the acts complained of, specifically, using unlawful and excessive force against Plaintiff along the sidewalk area, Officer Fisher acted under the color of the law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

      a.   The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

      b.   The right to be free from arrest without probable cause, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

      c.   The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

      d.   The right to be free from the use of excessive force by police officers and other government actors, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

e.      The right to be free from cruel and unusual punishment; and from pre-charging and pre-judgment punishments, as guaranteed by the Eighth Amendment to the United States Constitution; and,

f.      The right to equal protection of the laws as guaranteed by the Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as set forth.

## COUNT II - (42 U.S.C § 1983)

## (Against City of Great Falls and DOES 1-10)

28.      Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

29.   As against City of Great Falls, and/or DOES 1-10 and/or each of individually and/or in their capacities as official policy-maker(s) for City of Great Falls, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of City of Great Falls tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as Plaintiff.

30.      Plaintiff is informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom,

policy, pattern or practice of deliberate indifference by City of Great Falls and DOES 1-10 and/or each of them, to the repeated violations of constitutional rights of citizens by City of Great Falls police officers, which have included, but are not limited to, false arrests, using excessive force, making false reports, providing false and/or misleading information in causing detentions, arrests, and failure institute and enforce a consistent disciplinary policy.

31.    Plaintiff is further informed and believes, and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately supervise or hold officers accountable for their misconduct, failure to properly and fairly process and/or investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens.

32.    Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately train officers in making detentions, arrests and/or using force, or using reality based training techniques,

workshops and/or simulations.

33.   The aforementioned deliberate indifference, customs, policies and/or practices of City of Great Falls and DOES 1-10, and/or each of them, resulted in the deprivation of the constitutional rights of Plaintiff, including, but not limited to, the following:

(a)   the right not to be deprived of life, liberty or property without due process of law;

(b)   the right to be free from unreasonable searches and/or seizures and/or excessive force;

(c)   the right to equal protection of the law;

(d)   the right to be free from arrest without probable cause; and

(e)   the right to enjoy civil and statutory rights.

34.   Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

35.   As a proximate result of Defendants' wrongful conduct, plaintiff suffered damages as set forth

WHEREFORE, Plaintiff prays for relief as set forth.

## DAMAGES

36.   As a proximate result of Defendants' conduct, Plaintiff suffered pain and physical injuries. As a further proximate result of Defendants' conduct,

Plaintiff suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of his sense of security, dignity, and pride.

37.    The conduct of Defendants was malicious, wanton, and oppressive. Plaintiff is therefore entitled to award of punitive damages.

38.    Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    General damages according to proof;

2.    Special damages according to proof;

3.    Punitive damages according to proof;

4.    Reasonable attorney's fees pursuant to 42 U.S.C. 1988;

5.    Costs of suit incurred herein;

6.    For prejudgment interest; and

7.    For such other and further relief as the Court may consider just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a jury trial for each claim herein for which he has a right to a jury.

RESPECTFULLY SUBMITTED this 10th day of September, 2020.

FLAHERTY GALLARDO LAWYERS

/s/Paul Gallardo_____
Attorneys for Plaintiff